UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY N. HENDERSON, | ) | CASE NO. 1:08 CV 2080 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge McHargh. (ECF #12). Timely objections to the Magistrate's Report and Recommendation were filed by the Defendant (ECF # 15), and the Plaintiff filed a Response to Defendant's Objections. (ECF # 16). The Court has fully reviewed the Report and Recommendation, the objections and responses filed by the parties, and all of the applicable law. The Court finds that the objections raised by the Defendant have merit, and, therefore, declines to adopt the recommendation of the Magistrate Judge.

### I. Procedural History/Standard of Review

The Magistrate's Report and Recommendation fully and accurately sets forth the factual and procedural history of this action, and outlines the proper legal standards for the a claimant's entitlement to Disability Insurance and/or Supplementary Security Income benefits, and for this Court's judicial review of the Commissioner's benefits decision.  These sections of the Report and Recommendation, are, therefore, adopted as written.

The applicant raised two issues in her appeal from the Commissioner's decision denying her application for benefits: (1) the ALJ erred by discrediting the opinion of Plaintiff's treating physician, Dr. Kayes with regard to her ability to lift in excess of five pounds; and, (2) the ALJ erred in his assessment of Plaintiff's credibility.  The Magistrate's Report and Recommendation addressed each issue separately.  Taking the issues in reverse order, the Magistrate Judge found that the ALJ did not err in his assessment of Plaintiff's credibility.  In doing so, the Magistrate very thoroughly and accurately reviewed the evidence available to the ALJ, and applied the proper level of deference to the ALJ's findings on the credibility of the witnesses.  Based on a full review of the record, and the arguments of both parties, the Magistrate properly determined that the ALJ conducted a "relatively thorough credibility analysis" and "substantial evidence supports his credibility assessment."  Neither party has objected to this finding, and the Court, having conducted a de novo review of the issue agrees with the reasoning and conclusion set forth in the Report and Recommendation and adopts the Magistrate's findings with regard to this issue.

### II. Analysis

The Defendant has objected to the Magistrate's recommendation that this case be remanded

for additional fact finding, because the ALJ's Residual Functional Capacity ("RFC") finding included a lifting, pulling, and pushing limitation which was not based on any medical evidence in the record.  The Report and Recommendation accurately and completely outlines the medical opinion evidence relating to this limitation, details the ALJ's consideration and rejection of those opinions, and sets forth the reasoning given by the ALJ for discounting the medical opinion testimony on this issue.  The ALJ clearly indicated that the objective medical evidence did not support the limitations proposed by Dr. Kayes or Dr. Saghafi,[1] and that Dr. Kayes only stated reason for proposing the limitations did not support his conclusions.[2]  These determinations go directly to the factors set forth in 20 C.F.R. §404.1527(d), including the supportability of the opinion, and the consistency (or inconsistency) of the opinion with the record as a whole.  This Court finds that the ALJ clearly articulated "good reasons" for rejecting and/or discounting the medical opinion testimony of Plaintiff's treating physician in accordance with the standards set forth in 20 C.F.R. §404.1527(d)(2).  *See also, Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).  Consequently, Ms. Henderson failed to meet her burden of establishing

       The Magistrate found that because the ALJ established limitations (higher than were

---

[1] The ALJ gave little weight to the opinions because the MRIs and vascular studies showed only mild changes, and there was no other objective medical evidence to support a lifting, pushing or pulling limitation.  Neither doctor provided any medical basis for why they believed that such a limitation would be necessary.  It would be reasonable to infer, therfore, that the medical opinions may have been based upon the personal complaints or pain reactions exhibited by the Plaintiff.  The ALJ, however, has found that the Plaintiff was not credible, and that her complaints and indications of pain were exaggerated and unreliable. (Tr. 21, 207-209, 293).

[2] "If she has lower extremity pain and swelling, she would not have any limitations with lifting."  (Tr. 22).

recommended by two of the medical doctors, and lower than recommended by the RFC assessment), after having discounted the medical opinion testimony of Dr. Kayes and Dr. Saghafi,[3] that the lifting, pushing, and pulling limitations in the RFC were not supported by substantial evidence. [4] The Magistrate relied in large part on a decision from this Northern District of Ohio which held that "[a]n ALJ is not qualified to assess a claimant's RFC on the basis of bar medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." *Deskin v. Comm'r of Soc. Sec.*, 605 F.Supp.2d 908, 912 (N.D. Ohio 2008).

The Court finds, however, that *Deskin*, and therefore the portion of the Magistrate's opinion that relies on *Deskin*, is not representative of the law established by the legislature, and interpreted by the Sixth Circuit Court of Appeals. The statute and regulations setting forth the procedure and criteria for the ALJ's decision require the ALJ to determine whether there is a medically determinable impairment, to review objective evidence, review listed impairments, and then determine the issue of medical equivalence of the applicant's symptoms or condition. 20 C.F.R. §416.920a(c)(1), Pt. 404, Subpt. P., App. 1, and 416.925(e).

The ALJ, not a physician, is assigned the responsibility of determining a claimant's RFC

---

[3] The ALJ also apparently discounted the state agency RFC assessment, which found that Plaintiff cold occasionally lift 50 pounds, frequently lift 25 pounds, and was unlimited in her ability to push and pull. (Tr. 24, 252).

[4] If this were true, the RFC should not have included any limitations on lifting, pushing, and pulling. This result would have been less favorable to Ms. Henderson (the party appealing the decision), and more favorable to the Defendant (who did not appeal the ALJ's decision).

based on the evidence as a whole.  42 U.S.C.A.§423(d)(5)(B); 20 C.F.R. §416.946©.  Pursuant to the regulations, the  ALJ is charged with evaluating several factors in determining the RFC, including the medical evidence (not limited to medical opinion testimony), and the claimant's testimony.  *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629 633 (6th Cir. 2004); SSR 96-5p, SSR 96-8p.  The final responsibility for deciding the RFC "is reserved to the Commissioner."  20 C.F.R. §416.927(e)(2).

The Sixth Circuit has repeatedly upheld ALJ decisions where the ALJ rejected medical opinion testimony and determined RFC based on objective medical evidence and non-medical evidence .  *See, e.g., Ford v. Comm'r of Soc. Sec.*, 114 F.App'x 194 (6th Cir. 2004); *Poe v. Comm'r of Soc. Sec.*, 2009 WL 2514058, at *7 (6th Cir. Aug. 18, 2009).   "[A]n ALJ does not improperly assume the role of a medical expert by assessing the medical and non-medical evidence before rendering a residual functional capacity finding." *Poe*, 2009 WL 2514058 at *7.   Although the ALJ discounted the testimony of the doctors who proposed widely varying ranges of limitations, and found Ms. Henderson to not be fully credible in her testimony as to her limitations and abilities, he was within  a clearly appropriate "zone of choice" to find that the testimony (even if not all fully credible) suggested some limitation was appropriate.  *See, Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).

### III. Conclusion

Having reviewed the record, the Magistrate's Report and Recommendation, the brief submitted by the parties, and all of the applicable law, this Court finds that the ALJ's determination was consistent with the law and was supported by substantial evidence.  The Commissioner's

decision that Plaintiff is not disabled is, therefore, AFFIRMED.

IT IS SO ORDERED.

    /s/Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED:   March 1, 2010